UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

VICKIE M. STRINGER,   Plaintiff

v.

MACMILLAN PUBLISHERS LLC, et al.,   Defendants

Case No. **1:25-cv-06651-MMG**

Hon. Margaret M. Garnett

---

**LETTER-MOTION TO ACCEPT AND RATIFY SERVICE OF PROCESS**

Dear Judge Garnett:

I respectfully submit this letter-motion pursuant to **Federal Rules of Civil Procedure 4(c)(3) and 4(l)(3)**, and the Court's Individual Practices, to request that the Court **accept and ratify the service of process already completed upon Defendants** in this action.

**1. Procedural History**

On **August 10 2025**, I filed this action and was granted **in forma pauperis** status (ECF No. 5). The Court thereafter issued an **Order of Service** on **September 22 2025** (ECF No. 12) directing the Clerk to transmit the summons and complaint to the U.S. Marshals Service for service. Marshal attempts were later recorded as *unexecuted* (ECF Nos. 6, 7, 9).

Before that order, however—and again afterward when Marshal attempts were delayed—I caused the summons and complaint to be served by a licensed third-party process server. A sworn **Affidavit of Service** was filed on **September 24 2025** (ECF No. 16).

**2. Evidence of Actual Notice**

The certified mailing addressed to Defendants was **held by their mailroom "for legal"** and subsequently **picked up by authorized staff**, as confirmed by the USPS delivery record. Thus Defendants received **actual notice** of this action. They cannot credibly claim lack of service or prejudice.

### 3. Legal Basis

Under **Fed. R. Civ. P. 4(l)(3)**, *"the court may permit proof of service to be amended."* Courts in this Circuit routinely accept technically irregular service where defendants have actual notice and the plaintiff has acted in good faith, particularly in *in forma pauperis* cases. See *Romandette v. Weetabix Co.*, 807 F.2d 309 (2d Cir. 1986) (IFP plaintiff not penalized for Marshal's failure); *Puett v. Blandford*, 912 F.2d 270 (9th Cir. 1990) (service deemed effective upon actual notice); *Rance v. Rocksolid Granite USA, Inc.*, 583 F.3d 1284 (11th Cir. 2009) (good cause where Marshal delay prevents timely service).

Because the defendants actually received the summons and complaint and the record contains sworn proof of service (ECF No. 16), I ask that the Court deem service perfected and direct that the docket reflect "Return of Service Executed." Alternatively, I request that the Court instruct the U.S. Marshal to file an executed return confirming the prior delivery.

### 4. Requested Relief

Plaintiff respectfully requests that the Court:

1. **Ratify and accept** the service evidenced by ECF No. 16 and USPS confirmation; and

2. **Deem service perfected** as of the date the defendants received the certified mailing held for legal; or, in the alternative,

3. **Direct the U.S. Marshal** to acknowledge and record that service as executed.

Respectfully submitted,

/s/ Vickie M. Stringer

Vickie M. Stringer, Pro Se Plaintiff

3124 Genevieve Drive Columbus, OH 43219

vickiemstringer@gmail.com | (614) 961-5117

October 17, 2025

---

DENIED. Plaintiff's motions to deem service effective (Dkt. Nos. 18 & 19) are DENIED for substantially the same reasons as explained in the Court's Order dated September 26, 2025. Neither the affidavit Plaintiff filed on September 24, 2025 (Dkt. No. 16), nor anything contained in Dkt. Nos. 18 or 19, suffices to show effective service. The affidavit indicates that a package including the summons was mailed on August 27, 2025. That is not possible, as the summons for St. Martin's Press was not issued by the Clerk of Court until September 23, 2025. Accordingly, Plaintiff cannot have properly served the summons and complaint in compliance with Federal Rule of Civil Procedure 4 on August 27, 2025. The Court has authorized service by the United States Marshal Service (*see* Dkt. No. 12), and Plaintiff is again directed to wait until the Marshals serve Defendant. If St. Martin's Press has not been served by the Marshal by Monday, December 22, 2025 (90 days after issuance of the summons), Plaintiff may request additional time to serve. (*See* Dkt. No. 12).

Finally, in response to her inquiry concerning Dkt. No. 11, that docket entry is an internal document for Court staff's review, only. The Clerk of Court is respectfully directed to terminate Dkt. Nos. 18 and 19.

SO ORDERED. Dated October 21, 2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE