UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICKIE M. STRINGER,

                              Plaintiff,

                -against-

MACMILLAN PUBLISHERS LLC, et al.,

                              Defendants.

25-CV-06651 (MMG)

**<u>ORDER</u>**

MARGARET M. GARNETT, United States District Judge:

Pro se plaintiff seeks an exemption from paying Public Access to Court Electronic Records ("PACER") access fees in her action.  Dkt. No. 23.  She also seeks an order waiving fees she already incurred on PACER for accessing documents in this case.  *Id.*

The Judicial Conference of the United States has issued a fee schedule setting prices for accessing PACER consistent with 28 U.S.C. §§ 1913, 1914, 1926, 1930, 1932.  *See* Electronic Public Access Fee Schedule, Effective January 1, 2020 (Fee Schedule), http://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule.  Paragraph 8 of the Fee Schedule lists automatic fee exemptions.  It provides that "Parties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer."

The fee schedule authorizes the Court to exempt certain persons from payment of the user access fee.  Before granting an exemption, the Court must find that the individual seeking an exemption has demonstrated the exemption is necessary to avoid unreasonable burdens and promote public access to information.  A party seeking a discretionary exemption cannot solely rely on her IFP status alone.  *See* Fee Schedule ¶ 9.  *See also Oliva v. Brookwood Coram I, LLC*,

No. 14-CV-2513, 2015 WL 1966357, at *1–2 (E.D.N.Y. Apr. 30, 2015) ("[A] party seeking a discretionary exemption [of PACER fees] cannot rely on his [IFP] status alone.") (quotations and citations omitted).  Instead, the party must demonstrate that an exemption beyond the automatic exemptions "is necessary . . . to avoid unreasonable burdens and to promote public access to information."  *Id.* (quoting *Mallgreen v. Parties in this Petition*, No. 13-CV-3660 (LAP) (S.D.N.Y. Aug. 1, 2013)).

Under the automatic exemptions, and as a *pro se* litigant, Plaintiff is already entitled to one free electronic copy of all documents filed electronically in her case, which can be viewed, downloaded and/or printed during that one free access.  Plaintiff has consented to electronic service, *see* Dkt. No. 3, so her one free electronic copy arrives via email with the ECF filing notification, and she need only click on the link to view, download, or print the newly-filed document.  Moreover, Plaintiff herself has filed most of the documents in this case, so she already has access to the majority of the filings.  Lastly, besides citing her financial difficulties, Plaintiff has not alleged specific reasons why an exemption beyond the automatic exemption is necessary to avoid unreasonable burdens and to promote public access to information.  Accordingly, the Court will DENY Plaintiff's motion without prejudice.  The Clerk of Court is respectfully directed to terminate Dkt. No. 23.

Dated:  December 9, 2025
        New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge